UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Williams,<br><br>            Plaintiff,<br><br>vs.<br><br>Sgt. NFN Jackson, Disciplinary Hearing Officer, Alvin S. Glenn Detention Center;<br>Reynaldo Meyers, Warden of Alvin S. Glenn Detention Center,<br><br>            Defendants. | C/A No. 8:07-3661-CMC-BHH<br><br><br><br>Report and Recommendation on Motion for Temporary Restraining Order |

_____

Along with his Amended Complaint, seeking damages and other relief for alleged violations of Plaintiff's religious beliefs (Entry No. 7), Plaintiff filed a Motion for Temporary Restraining Order (TRO Motion). (Entry No. 8). In the TRO Motion, Plaintiff asks this Court to direct the Defendants to: (1) allow Plaintiff to sign for all legal mail; (2) serve Plaintiff with notice of the date when documents are mailed; (3) refrain from holding disciplinary hearings unless the accused is present; (4) refrain from placing two Special Housing Unit (SHU) inmates in one cell; (5) refrain from serving Plaintiff any pork by-products; (6) provide legal materials to inmates in SHU; and (7) provide SHU inmates recreation time. Plaintiff has not presented this Court with any substantial basis for finding that the exceptional remedy of an entry of a temporary restraining order (TRO) is justified in this case.

It is well settled that a TRO is extraordinary relief, and it has been consistently held that a party seeking a TRO must show the following in order to establish a prima facie right to such relief:

> 1. a substantial likelihood that the movant eventually will prevail on the merits; 2. that the movant will suffer irreparable injury unless the injunction issues; 3. that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; *and* 4. that the temporary restraining order, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980)(emphasis added)(citing *Sierra Club v. Hathaway*, 579 F.2d 1162 (9th Cir. 1978); *Hardin v. Houston Chronicle Pub. Co.*, 572 F.2d 1106 (5th Cir. 1978). All four showings must be made by Plaintiff before his Motion may be granted.

Plaintiff provides no allegations that he will suffer irreparable injury if the TRO Motion is denied. Additionally, Plaintiff fails to address any possible prejudice to the Defendants or to the public interest, that could result should the TRO Motion be granted. He does not suggest why this Court should step in at this time and place limits on the discretion of detention center officials in their management of the Alvin S. Glenn Detention Center. As Plaintiff's TRO Motion fails to even address three out of the four well-established elements for the issuance of such an extraordinary order, his Motion for a Temporary Restraining Order should be denied.

### Recommendation

The undersigned makes no recommendation regarding the potential success on the merits of this case. However, due to the absence of any adequate showing of potential irreparable harm to Plaintiff or of any public interest to be served by

restricting the Defendants' management of the Alvin S. Glenn Detention Center, it is recommended that the District Court deny Plaintiff's Motion for Temporary Restraining Order.  See Alberti v. Cruise, 383 F.2d 268, 271-72 (4th Cir. 1967); Fed. R .Civ. P. 65(d).

*Plaintiff's attention is directed to the important notice on the following page.*

s/Bruce Howe Hendricks
United States Magistrate Judge

December 10, 2007
Greenville, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).