IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Darrell Williams,** ) | |
| ) | |
| Petitioner, ) | C/A No.  8:07-3661-CMC-BHH |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **Sgt. NFN Jackson, Disciplinary Hearing Officer,** ) | |
| **Alvin S. Glenn Detention Center;** ) | |
| **Reynaldo Meyers, Warden of Alvin S. Glenn** ) | |
| **Detention Center,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Plaintiff, a state prisoner incarcerated at Alvin S. Glenn Detention Center in Columbia, South Carolina, proceeding *pro se*, filed a motion for a temporary restraining order.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report").  On December 10, 2007, the Magistrate Judge issued a Report recommending that Plaintiff's motion for a temporary restraining order be denied.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976).  This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with

instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge has recommended that Plaintiff's motion for a temporary restraining order be denied. In determining whether to grant injunctive relief prior to trial, a court must consider four factors: (a) the plaintiff's likelihood of success in the underlying dispute between the parties; (b) whether the plaintiff will suffer irreparable injury if the injunction is not issued; (c) the injury to the defendant if the injunction is issued; and (d) the public interest. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citing *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193-95 (1977)). The court must first determine whether Plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to Plaintiff against the likelihood of harm to Defendant if the injunction were issued. *Id.* (citing *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846, 859 (4th Cir.2001)); *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991)).

After reviewing the motion, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED**.

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 23, 2008