IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Darrell Williams, #108467, ) | |
| ) | Civil Action No. 8:07-3661-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| Sgt. NFN Jackson and ) | |
| Warden Alvin S. Glen ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the plaintiff's second motion for a temporary restraining order ("TRO").[1] On February 19, 2008, the plaintiff filed a motion for a TRO (Dkt. #22) and then on April 7, 2008, he filed an amended motion for a TRO. (Dkt. # 33.)

In this motion for a TRO filed on February 19th, the plaintiff seeks an order giving him access to eight law books per week to prepare for trial in this action. Further, he alleges that his access to the courts has been hindered by the defendants' tampering with his mail and he seeks an order stopping this. He contends that he was prevented from filing objections to his first motion for TRO. However, the docket reflects that the

---

[1]The plaintiff filed his first motion for a TRO on November 30, 2007. (Dkt. # 8.) On December 10, 2007, the undersigned filed a report and recommendation recommending the denial of the motion (Dkt. #13) and the District Court adopted the report on January 24, 2008. (Dkt. #20.)

plaintiff did file objections to the report and recommendation addressing his first TRO motion. (Dkt. # 17.) He also requests that the court appoint him an attorney. In his amended motion for a TRO filed April 7th, the plaintiff alleges he has been subjected to religious discrimination at the Alvin S. Glenn Detention Center ("ASGDC") and apparently seeks an order allowing him to practice his religion. The undersigned notes that most of these issues were addressed in the plaintiff's first motion for TRO which was denied. (*See* Infra n. 1.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

The plaintiff has not shown that irreparable harm is likely if his motion is denied. Further, there is no evidence in the record that the plaintiff will suffer irreparable harm. Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. Accordingly, the plaintiff's motion should be denied. Further, a TRO order is issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Rule 65(b), Fed.R.Civ. P.[2] Such an order would last only until such time as a hearing on a preliminary injunction could be arranged. As the plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a TRO.

---

[2]In general, the purpose of a temporary restraining order is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *See* Moore's Federal Practice and Procedure ¶ 65.05 (1989).

As for the plaintiff's request for appointed counsel, the undersigned notes that there is no constitutional right to have counsel appointed in a civil case. *Whisenant v.Yaum*, 739 F.2d 160, 163 (4th Cir.1984). This court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir.1971). The court may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors-the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (*quoting Whisenant*, 739 F.2d at 163). After a review of the pleadings, this court finds that this is not the type of case which presents factors that clearly reflect a need for the plaintiffs to have counsel appointed.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Plaintiff's Amended Motion for a Temporary Restraining Order (Dkt. # 33) be DENIED.

**IT IS SO RECOMMENDED.**

                                                                        s/Bruce Howe Hendricks
                                                                        United States Magistrate Judge

May 15, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).